UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11074 PA (PVCx) | | Date | March 17, 2026 |
|---|---|---|---|---|
| Title | Markese Petty v. City of Ontario, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

On March 9, 2026, this Court issued an Order to Show Cause requiring plaintiff Markese Petty ("Plaintiff") to show cause in writing why this action against defendants City of Ontario, Chief of Police Mike Lorenz, and Officer Bill Lee ("Defendants") should not be dismissed for lack of prosecution based on the failure to serve Defendants in the time frame specified by Fed. Rule Civ. P. 4(m).  (Docket No. 9.)  The Court has reviewed Plaintiff's response, filed on March 13, 2026.  (Docket No. 10.) In the response, counsel for Plaintiff explains that shortly after filing the action in November 2025, Plaintiff advised that he no longer wanted counsel to represent him.  Plaintiff, however, has not been in contact with counsel since that time.  Despite the lack of contact, counsel did not attempt to locate Plaintiff until receipt of the Court's Order to Show Cause on March 9, 2026, and now requests an additional 60 days to locate Plaintiff to discuss the status and future of this case, and to obtain his signature on the substitution of attorney form.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint.  Here, Plaintiff filed this action on November 18, 2025.  By the time the Court issued its Order to Show Cause on March 9, 2026, Rule 4(m)'s 90-day period had already expired and Plaintiff had not filed proofs of service or requested additional time to do so.  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11074 PA (PVCx) | Date | March 17, 2026 |
|---|---|---|---|
| Title | Markese Petty v. City of Ontario, et al. | | |

Plaintiff's response fails to demonstrate good cause for the delay in timely serving Defendants.  It is evident that Plaintiff has abandoned his action.  While counsel for Plaintiff represents that he is now attempting to locate Plaintiff, his delay in doing so, Plaintiff's failure to seek an extension of time until nearly a month after the expiration of the Rule 4(m) deadline, and the failure to seek an extension through a proper motion rather than in response to the Court's Order to Show Cause, weigh against a finding of good cause.  This action is therefore dismissed under Rule 4(m) without prejudice as a result of Plaintiff's failure to timely serve Defendants or establish good cause for that failure.[1]

The Court may also dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

---

[1]      Where there is no showing of good cause, the Court has discretion to dismiss without prejudice or to extend the time period.  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998)).  Here, the Court declines to extend the Rule 4(m) period.  Because the allegedly wrongful arrest that forms the basis of Plaintiff's claims occurred on December 13, 2024, it does not appear that the statute of limitations has expired as to Plaintiff's federal civil rights claims.  Thus, the dismissal would not prevent Plaintiff from pursuing those claims in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11074 PA (PVCx) | | Date | March 17, 2026 |
|---|---|---|---|---|
| Title | Markese Petty v. City of Ontario, et al. | | | |

Here, in assessing the first <u>Henderson</u> factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting <u>Yourish</u>, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. <u>See</u> <u>id.</u> ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

Under the third <u>Henderson</u> factor, the risk of prejudice to Defendants, "[d]elay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." <u>Anderson v. Air W., Inc.</u>, 542 F.2d 522, 525 (9th Cir. 1976). Plaintiff's delay in serving Defendants thus at least marginally favors dismissal.

In considering the fourth and fifth <u>Henderson</u> factors, the Court notes that its Standing Order, issued on November 25, 2025, directed Plaintiff to "promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3-1." (Docket No. 8 at p. 1.) Thus, Plaintiff was on notice of his obligation to follow the Rule 4(m) deadline but failed to do so. Finally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996); <u>see also</u> <u>Henderson</u>, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, on balance, the <u>Henderson</u> factors weigh in favor of dismissing the action.

Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure to diligently prosecute this case, this action dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986–88; <u>Ferdik</u>, 963 F.2d at 1260. The Court will enter a Judgment consistent with this Order.

IT IS SO ORDERED.